SAMUEL P. BARTON

*v.*

MARGERY MAYERS *et al.*

*Opinion filed December 21, 1899.*

1. DEEDS—*equity will not correct description as against innocent third party.* Equity will not correct a mutual mistake in the description in a deed as against an innocent third party without notice, and without knowledge of circumstances to put him on inquiry which, if pursued, would lead to notice of the mistake.

2. EVIDENCE—*what will not raise presumption of knowledge, by grantee, of former conveyance.* That the consideration for a quit-claim deed is small does not raise a presumption that the grantee knew the grantors had previously attempted to convey the land, where there was an outstanding tax title against the land, the holders of which were in possession.

APPEAL from the Circuit Court of Crawford county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

J. E. McGAUGHEY, and JONES, EAGLETON & NEWLIN, for appellant.

MAXWELL & JONES, for appellee William H. Garrett.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in the Crawford circuit court by appellant, Samuel P. Barton, against Margery Mayers, Allen W. Mann, Francis M. Price and W. H. Garrett, to quiet the title to and partition certain land in that county. All the defendants answered the bill, and William H. Garrett filed his cross-bill, claiming to be the owner of the premises in fee. The original bill conceded that the defendant Margery Mayers had an interest in the land, but sought to set aside a tax title held by Mann and Price and the title claimed by Garrett. The circuit court sustained the cross-bill, rendering a decree in Garrett's favor, setting aside the tax deed upon payment of the amount due the holders for taxes paid, improvements, and interest on money laid out and expended, dismissing the original bill at the cost of the complainant. Mann and Price abide by that decree, but Barton, the complainant in the original bill, prosecutes this appeal, and insists upon a reversal of the order holding the title to the premises to be in Garrett.

It is conceded by both parties that about the year 1858 one Jenkins Mulvane, then residing in Ohio, became the owner in fee of the north half of the south-east quarter and the south-west quarter of the north-east quarter of section 24, township 5, north, range 13, west, in Crawford county, Illinois,—in all one hundred and twenty acres; that he died in 1883, still owning the land, leaving a widow and three daughters, who, on October 20, 1884, attempted to convey the land, by warranty deed, to one Anson M. Mayers, the deed being duly recorded but misdescribing the forty-acre tract as the south-west quarter of the north-*west* quarter instead of the north-east quarter. This erroneous description was continued through several subsequent transfers, until, April 1, 1891, William H. Garrett became the purchaser of said forty-acre tract,

the conveyance to him also describing it as being in the north-west quarter of said section 24 instead of the north-east quarter. He took no possession of the land, it being vacant and unoccupied. For some reason, doubtless because of the misdescription, he paid no taxes on the land, and it was finally sold and purchased by Mann and Price, who subsequently received a sheriff's deed therefor. Their deed bears date October 5, 1895, and they thereafter took possession of the land by cutting and using timber from the same. Thereafter Barton procured a quit-claim deed to the land from all living heirs of Jenkins Mulvane except Margery Mayers, a grand-daughter, who is conceded by Barton to be the owner of an undivided one-third.

The only controversy here is between appellant and appellee Garrett, the question being whether, under the facts shown, a court of equity could properly correct a mistake in the latter's deed as against the former. It may be, and is, conceded that there was a mutual mistake in the several conveyances leading up to and including Garrett's deed, and which, as between the parties, a court of equity would unhesitatingly correct. It is equally well settled such a mistake will not be corrected as against an innocent third party without notice, or without knowledge of facts and circumstances sufficient to put him upon inquiry, which, if pursued with diligence, would lead to notice of the mistake. (*Harms* v. *Coryell*, 177 Ill. 496, and cases cited.) There is an entire absence of proof in this record on the part of Garrett that Barton had any knowledge whatever of the alleged mistake. On the contrary, he testifies positively that he had no such knowledge. If, therefore, the decree of the court below can be maintained at all, it must be upon the theory that there was something in the conduct of Barton which should in a court of equity deprive him of the benefits accruing to a purchaser in good faith, or that there was something in the nature of the conveyance to him which should have put him upon inquiry as to the

rights of others than his grantors. It is true that he obtained his quit-claim deed from the Mulvane heirs for the small consideration of $50; but he obtained it with knowledge of the fact that there was an outstanding tax title against the land, the holders of which were in possession, and in view of that fact we do not think it can be said that the inadequacy of consideration for the quit-claim deed should raise a presumption that he knew his grantors had previously sold or attempted to convey the land.

The deed which Burton received was a quit-claim in the usual form, conveying "all interest," etc. But such a deed is as effectual to pass title to the grantee as a warranty deed, and, in view of the knowledge of Barton of the outstanding tax title, could, in no view of the case, charge him with notice of the rights of any other parties. The record fully justified the belief that the owners of the fee, as there shown, held the title subject only to such claims as the owners of the tax title might be able to maintain against it. It may be that there is enough in the record to raise a suspicion that Barton knew that the Mulvanes did not claim to own the land at the time of his purchase; but to our minds there is no sufficient proof of that fact.

We see no reason why the complainant in the cross-bill may not be entitled to a decree for the undivided interest of Margery Mayers, she acquiring her interest merely by inheritance from her mother, Geneva Mayers, who was grantor in the line of title under which Garrett holds and who made the misdescription in the deed. But to do so it will be necessary for Garrett to amend his cross-bill, as Margery Mayers is not named as defendant therein and no relief is asked in the cross-bill against her.

The decree will be reversed and the cause remanded, with leave to the parties to amend the pleadings and produce further evidence if they shall so desire.

*Reversed and remanded.*